IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                   ORDER

                Plaintiff,

                                                05-cr-85-bbc

    v.

MARK HURN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Mark Hurn has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he is entitled to have his sentence set aside because it was imposed in violation of the law. His motion will be denied because it is untimely.

      Defendant was sentenced on September 29, 2006. His appeal to the Court of Appeals for the Seventh Circuit was denied on April 26, 2007. His sentence became final 90 days later, on July 26, 2007. Under 28 U.S.C. § 2255(f)(1), he had one year after that in which to file a timely motion but did not file this motion until July 25, 2013, more than six years after his sentence became final.

      Defendant argues that his filing date should be calculated starting from the date on which the Supreme Court gave initial recognition to the right he is asserting, in which case his motion would be timely under subsection (3) of § 2255. However, defendant has not shown that the Supreme Court has recognized the right he is asserting. Defendant relies on

the Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), but the holding in that case does not apply to his situation. In Alleyne, the Court held that any fact that "alters the prescribed range of sentences to which a defendant is exposed and does so in a manner that aggravates the punishment," must be found by a jury and not by a judge. Id. at 2158. In Alleyne's case, the facts at issue made the difference between his being subject to a minimum mandatory sentence or not.

Defendant was never in danger of being subject to a mandatory minimum sentence. He was charged under 21 U.S.C. § 841(a)(1), with possession with intent to distribute cocaine and under the same statute with possession with intent to distribute cocaine base. The only powder cocaine attributed to him was approximately 60 grams. The jury found him guilty of possessing cocaine with the necessary intent but acquitted him of the crime of possessing cocaine base with the intent to distribute. At sentencing, the sentencing judge, the Honorable John Shabaz, took into consideration both crack and powder cocaine in determining the amount of drugs attributable to defendant. (It appears from the presence report that Judge Shabaz took into consideration only cocaine base that had not been the subject of testimony at the trial. This amounted to about 453 grams.)

The sentencing court's consideration of both kinds of cocaine resulted in a base offense level of 34. Had the court not considered any of the cocaine base, the offense level would have been 16. This is a dramatic difference, but not one that can be corrected under the holding in Alleyne because defendant was not subject to a mandatory minimum sentence under § 841(a)(1). Had he been convicted of the possession and distribution of cocaine

2

base, or if he had been charged with possession with intent to distribute more than five kilograms of powder cocaine, a twenty-year mandatory minimum sentence would have applied because it was his second felony drug offense. § 841(b)(1).

If Judge Shabaz had sentenced defendant without taking any cocaine base into consideration, defendant's advisory guideline range would have been 27-33 months (base offense level 16 and criminal history category III). Taking the cocaine base into account as he did, he found that defendant's base offense level was 34 and his advisory guideline range was 188-235 months and he imposed a sentence of 210 months. This sentence was later reduced to 151 months after defendant filed for a sentencing reduction under 18 U.S.C. § 3582.

Because Judge Shabaz did not perform any judicial factfinding that increased a mandatory minimum sentence, defendant cannot show that his claim is timely under subsection (f)(3) of § 2255. Therefore, his motion must be denied.

ORDER

IT IS ORDERED that defendant Mark Hurn's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED as untimely.

Entered this 29th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3